IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **BIANCA A. HUGHLEY,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-23-02980 |
| **SOUTHWEST AIRLINES,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Presently pending before this Court is a motion filed by Plaintiff Bianca A. Hughley ("Plaintiff"), who is self-represented, for leave to file an amended complaint asserting a single breach of contract claim. ECF 20. Plaintiff's motion follows an opinion and order by this Court, ECF 18, 19, dismissing her five-count complaint against her former employer, Southwest Airlines ("Southwest"). ECF 1. This Court has reviewed Plaintiff's motion for leave to file an amended complaint and Southwest's opposition, ECF 21. No reply has been filed and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Plaintiff's motion must be DENIED.

In its earlier memorandum opinion, this Court explained that Plaintiff's breach of contract claim was preempted by the Railway Labor Act ("RLA"), which provides "for the prompt and orderly settlement" of disputes between rail and airline workers and carriers "growing out of . . . the interpretation or application" of a collective bargaining agreement ("CBA"). ECF 18 at 6 (quoting 45 U.S.C. §§ 151a, 153(i)). This Court determined that Plaintiff sought to enforce the terms of the CBA against her employer, an airline, making her claim a "minor dispute" subject to a mandatory arbitration procedure. *Consol. Rail Corp. v. Ry. Lab. Execs.' Ass'n*, 491 U.S. 299,

302 (1989) ("[M]ajor disputes seek to create contractual rights, minor disputes to enforce them."). Her breach of contract claim therefore cannot be litigated in the federal courts, whether or not it may be meritorious. *See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252–53 (1994). This Court therefore dismissed Plaintiff's breach of contract claim with prejudice, meaning that it cannot be re-filed in this Court in any form, but dismissed her other four claims without prejudice and allowed her thirty days to seek leave to file an amended complaint. ECF 18, 19.

In her current motion, however, Plaintiff seeks to file an amended complaint to bring only the one claim that cannot be amended: the breach of contract claim this Court dismissed with prejudice. Plaintiff does not seek to amend any of her other claims to fix the deficiencies identified by this Court in its memorandum opinion. And Plaintiff does not provide any grounds for this Court to reconsider its ruling that the RLA preempts her breach of contract claim. Accordingly, Plaintiff's motion for leave to file an amended complaint to reassert her breach of contract claim, ECF 20, must be denied.

A separate order follows.


Dated: June 25, 2024                                             /s/
                                                   Stephanie A. Gallagher
                                                   United States District Judge

2